TESLA, INC.
Aengus H. Carr, Bar No. 240953
*aecarr@tesla.com*
3000 Hanover St.
Palo Alto, CA 94304
Telephone (650)-681-5000

*Attorney for Defendant*
*TESLA, INC.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC SCHWARTZ, an individual, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>vs.<br>TESLA, INC., and Does 1 through 100, inclusive,<br>Defendant. | Case No. 2:25-cv-07389<br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28U.S.C.§§1332(D), 1441, 1446& 1453 (CLASS ACTION FAIRNESS ACT)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332(d), 1441, 1446 and 1453, Defendant Tesla, Inc. ("Tesla") by and through its counsel of record, hereby removes to this Court the state-court action described herein. Federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), because this case is a "class action" under CAFA, the CAFA diversity of citizenship requirements are fully met, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

Defendant states the following grounds for removal:

## I. INTRODUCTION

1. On July 7, 2025, Plaintiff Eric Schwartz filed a putative Class Action Complaint against Defendant in the Superior Court of California for the County of Los Angeles, styled *Eric Schwartz, an individual, on behalf of himself and all others similarly situated, v. Tesla, Inc., et al*., No. 25STCV20026 ("Class Action Complaint"). At the time of filing this Notice of Removal, the case was still pending in the Superior Court of California for the County of Los Angeles. *See* 28 U.S.C. § 1441(a).

2. The Class Action Complaint was served on Defendant on July 10, 2025. True and correct copies of the putative Class Action Complaint, Summons, and all other documents as served on Defendant in this action are attached hereto as Exhibits A. *See* 28 U.S.C. § 1446(a).

3. Plaintiff alleges he purchased a Cybertruck from Tesla with a $20,000 "Foundation Series" upgrade, which did not include a promised "off road light bar." Compl. ¶¶ 8-10. Plaintiff asserts various California contract and consumer fraud-type claims on behalf of a proposed California class. Defendant denies all material allegations in the Complaint and denies it has harmed Plaintiff or any member of the putative class or that they are entitled to any relief.

4. When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, a defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

5. This action lies within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. The United States Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

6. CAFA grants this Court original jurisdiction over class actions when: (1) there are at least 100 members of the putative class; (2) at least one defendant is a citizen of a state different from at least one putative class member (i.e., minimal diversity); (3) the aggregate amount in controversy exceeds $5 million; and (4) the Defendant are not states, state officials, or other government entities. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(A and B), and (d)(6). Each of these grounds is satisfied here.

## II. THE REMOVED ACTION IS A CLASS ACTION SUBJECT TO CAFA REMOVAL

7. This case is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B) and is therefore removable under CAFA. *See, e.g.*, Exhibit A (Compl. ¶¶ 17-22) ("Class Action Allegations").

8. Plaintiff confirms as such by denoting in the caption that it is a "Class Action Complaint." *Id*. (Compl. p. 1).

9. In the Class Action Complaint, Plaintiff defines the putative class to include: "all others similarly situated in California who purchased a vehicle from Defendant that was advertised to include an off-road light bar, but who did not receive such off-road light bar . . . ." *Id*. (Compl. ¶ 18).

10. Section 382 of the California Code of Civil Procedure authorizes actions to be brought by "one or more" persons who may "sue or defend for the benefit of all" where "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court . . . ." Thus, actions alleged under this section qualify as "class actions" for removal jurisdiction under CAFA because they "authoriz[e] an action to be brought by 1 or more representatives as a class action." *See* 28 U.S.C. § 1711(2); *Martinez v. Check 'N Go of Cal., Inc.*, No. 15-CV-1864 H (RBB), 2016 WL 6103166, at *3 (S.D. Cal. Feb. 18, 2016) (Defendant properly removed case originally brought under Cal. Civ. Proc. Code § 382 as a "class action" under

CAFA); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202 (E.D. Cal. 2008) (same).

11. Accordingly, the Class Action Complaint falls within the definition of a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(8).

**A. There are more than 100 class members**

12. The putative class potentially encompasses over 4,000 Cybertruck vehicles sold in California. (Declaration of Raymond Kim in Support of Tesla, Inc.'s Notice of Removal, ¶ 3.)

**B. The Complaint satisfies the minimal diversity requirement of CAFA**

13. CAFA supports removal if any defendant is a citizen of a different state than any one putative class member. 28 U.S.C. § 1332(d)(2)(A).

14. The named Plaintiff Eric Schwartz alleges he is a citizen of the State of California. Exhibit A (Compl. ¶ 4).

15. Tesla not a citizen of the State of California. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

16. At the time this action was filed and at the time of removal, Tesla was, and still is, incorporated in Texas with its headquarters in Texas. *Id.* (Compl. ¶ 5.)

17. As a result, the minimal diversity requirement is satisfied given that Plaintiff is a citizen of California and Tesla is a citizen of Texas. *See, e.g., Edlund v. True Classic Tees, LLC*, No. 2:25-CV-00450-RGK-RAO, 2025 WL 854737, at *1 (C.D. Cal. Mar. 19, 2025) (CAFA diversity requirement satisfied so long as "at least one plaintiff is diverse from any one defendant").

/ / /

/ / /

### C. The Amount in Controversy Exceeds $5,000,000

18. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Unlike traditional diversity jurisdiction based upon individual claims, in class actions, CAFA requires that the claims of all putative class members be aggregated:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).

19. The amount in controversy is determined by evaluating the Plaintiff's complaint and the record as a whole. *See Lewis v. Verizon Communications, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff [with evidence] or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or "proof of the amount the plaintiff will recover." *Lewis*, 627 F.3d at 400 (quoting *McPhail v. Deere & Co*., 529 F.3d 947, 956 (10th Cir. 2008)); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed, because "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable.").

20. As the United States Supreme Court has held, a notice of removal "need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 (emphasis added). Indeed, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."

*Id.* at 87.

21. Although the Complaint does not state the total amount of monetary relief that the putative class could obtain, it is plain that the proposed class seeks a total amount far in excess of the $5,000,000[1] threshold for removal jurisdiction under CAFA, 28 U.S.C. §1332(d)(2), given the size of the putative class and the nature of the claims.

22. Plaintiff's broad putative class consists of individuals in California who purchased an affected Cybertruck. *Id.* (Compl. ¶ 18). And Plaintiff's claims are based on allegations that he and all such putative class members are entitled to injunctive relief, actual, statutory and punitive damages, pre- and post-judgment interest, disgorgement of profits, and attorneys' fees and costs. *See, e.g.*, Exhibit A at 33-34 (Compl. pp. 29-30) ("Prayer for Relief"). The Court must accept Plaintiff's allegations as true in measuring the amount in controversy. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (quotations and brackets omitted); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith.") (citation omitted); *cf. Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 U.S. Dist. LEXIS 170498, at *9 (W.D. Wash. Oct. 1, 2019) ("In a case for money damages . . . the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of her case, and the best evidence of that

[1] The following analysis is provided solely to establish that CAFA's amount in controversy requirement is reasonably met if the Complaint's allegations are accepted as true. This analysis is in no way an admission as to the truth of any allegation in the Complaint, an admission regarding whether class certification is appropriate, an admission as to the proper method for calculating damages, or an admission that Plaintiff is entitled to any relief whatsoever.

assessment is usually the plaintiff's own statements.") (quotations omitted ellipses in original).

23. Here, Plaintiff alleges he paid a $20,000 premium for a set of features that included the promised off-road light bar. Exhibit A (Compl. ¶¶ 9, 12). The putative class potentially encompasses more than 4,000 vehicles. Assuming even 10% of the alleged premium (i.e., $2,000) was related to the allegedly missing off-road light bar, that could potentially put the alleged actual class-wide damages or restitution -type claims at $8,000,000 ($2,000 x 4,000 vehicles), easily meeting and exceeding CAFA's $5,000,000 amount-in-controversy requirement.

24. Plaintiff also seeks "attorneys' fees and costs." Exhibit A (Compl. p. 12 "Prayer for Relief"). Courts consider attorneys' fees and costs in establishing the amount in controversy for removal jurisdiction under the CAFA amendments. *See, e.g., Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001); *accord Haldiman v. Continental Casualty Co*., 666 Fed. Appx. 612, 613–14 (9th Cir. Nov. 14, 2016). Coupled with monetary relief sought on a class-wide basis (that independently exceed the jurisdictional minimum), the claim for attorneys' fees and costs only further causes the $5,000,000 jurisdictional minimum to be met.

25. Plaintiff's request for punitive damages only further adds to the jurisdictional amount. Exhibit A (Compl. p. 12 "Prayer for Relief").

26. Accordingly, while Defendant deny that Plaintiff or any class member is entitled to any relief, the amount in controversy well exceeds the CAFA threshold.

**D. Defendant is not a government entity**

27. Tesla is a corporation.

## III. TESLA HAS COMPLIED WITH THE REQUIREMENTS IN 28 U.S.C. § 1466.

28. **Removal Is Timely**. Defendant was served on July 10, 2025, and timely filed this Notice of Removal within 30 days of service of the Class Action

Complaint. *See* 28 U.S.C. § 1446(b).

29. **Removal to This Court Is Proper**. The putative Class Action Complaint was filed in the Superior Court of California for the County of Los Angeles. This Court is part of the "district and division within which such action is pending . . . ." 28 U.S.C. § 1446(a).

30. **Pleadings and Process**. Pursuant to 28 U.S.C. section 1446(a), a "copy of all process, pleadings, and orders served upon" Defendant are attached to this Notice of Removal as Exhibit A. Defendant has not yet answered or otherwise filed a response to the putative Class Action Complaint. Other than the documents attached as Exhibit A, no other pleadings, process, orders, or other papers in this case have been filed, served, or otherwise received by Defendant or, to its knowledge, are presently on file in the Superior Court of California for the County of Los Angeles. In the event that additional filings, if any, come to Defendant's attention, they will promptly provide this Court with true and correct copies of all such papers.

31. **Notice to All Parties and the State Court**. Concurrent with the filing of this Notice, Defendant gave written notice of this Notice of Removal to Plaintiff's counsel of record, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles. 28 U.S.C. §§ 1446(a), (d).

32. If any question arises as to the propriety of the removal of this Action, Defendant reserve the requests the opportunity to present a brief, evidence, oral argument in support of their position that this case is clearly removable, as required under *Dart Cherokee* and other controlling law.

## IV. CONCLUSION

41. Based on the foregoing, Defendant hereby remove the Action from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California.

Respectfully submitted,

August 8, 2025

By */s/ Aengus H. Carr*
Aengus H. Carr

TESLA, INC.
*Attorney for Defendant Tesla, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, a true and correct copy of the foregoing Notice of Removal, including all exhibits thereto, was sent by electronic mail and Federal Express overnight to the following counsel:

Todd M. Friedman
tfriedman@toddflaw.com
Adrian R. Bacon
abacon@toddflaw.com
Matthew R. Snyder
msnyder@toddflaw.com
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
323-306-4234

*Counsel for Plaintiff*

*/s/ Aengus H. Carr*
Aengus H. Carr